Orin Snyder (*pro hac vice pending*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA LABAJO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC. and CAMBRIDGE ANALYTICA<br><br>Defendants. | CASE NO. 4:18-CV-02093-KAW<br>**OAKLAND DIVISION**<br><br>**DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO STAY**<br><br>Hearing Date: May 31, 2018<br>Time: 1:30 p.m.<br>Location: 1301 Clay Street, Oakland, California |

(*additional captions below*)

| | |
|---|---|
| LAUREN PRICE, on behalf of herself and all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>FACEBOOK, INC. and CAMBRIDGE ANALYTICA,<br><br>   Defendants. | CASE NO. 3:18-CV-01732-VC<br>**SAN FRANCISCO DIVISION** |
| JONATHAN D. RUBIN on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC., SCL GROUP, GLOBAL SCIENCE RESEARCH LTD., and CAMBRIDGE ANALYTICA LLC<br><br>   Defendants. | CASE NO. 3:18-CV-01852-VC<br>**SAN FRANCISCO DIVISION**<br><br>**CONSENT MOTION** |
| ASHLEY GENNOCK and RANDY NUNEZ, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>FACEBOOK, INC. and CAMBRIDGE ANALYTICA<br><br>   Defendants. | CASE NO. 3:18-CV-01891-VC<br>**SAN FRANCISCO DIVISION**<br><br>**CONSENT MOTION** |

| | |
|---|---|
| HOWARD O'KELLY, on behalf of himself and all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>FACEBOOK, INC. and CAMBRIDGE ANALYTICA<br><br>   Defendants. | CASE NO. 3:18-CV-01915-VC<br>**SAN FRANCISCO DIVISION**<br><br>**CONSENT MOTION** |
| THERESA BEINER and BRANDON HAUBERT, et al., on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>FACEBOOK, INC. and CAMBRIDGE ANALYTICA, LLC<br><br>   Defendants. | CASE NO. 3:18-CV-01953-VC<br>**SAN FRANCISCO DIVISION**<br><br>**CONSENT MOTION** |
| SUZIE HASLINGER, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>FACEBOOK, INC. and CAMBRIDGE ANALYTICA LLC<br><br>   Defendants. | CASE NO. 3:18-CV-01984-VC<br>**SAN FRANCISCO DIVISION**<br><br>**CONSENT MOTION** |

| | |
|---|---|
| DEBRA KOOSER and MARGARET FRANKIEWICZ, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FACEBOOK, INC., CAMBRIDGE ANALYTICA, SCL Group, Ltd, and Global Science Research Ltd.<br><br>　　　　Defendants. | CASE NO. 3:18-CV-02009-VC<br>**SAN FRANCISCO DIVISION**<br><br>**CONSENT MOTION** |
| TAYLOR PICHA, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC. and CAMBRIDGE ANALYTICA<br><br>　　　　Defendants. | CASE NO. 3:18-CV-02090-SK<br>**SAN FRANCISCO DIVISION** |
| JOSHUA IRON WING and RYAN MCGRATH, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FACEBOOK, INC.<br><br>　　　　Defendant. | CASE NO. 4:18-CV-02122-HSG<br>**OAKLAND DIVISION**<br><br>**CONSENT MOTION** |

| | |
|---|---|
| CAROL JOHNSON, DANIEL PAUL, and STEVE MORTILLARO, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>FACEBOOK, INC.<br><br>        Defendant. | CASE NO. 3:18-CV-02127-SI<br>**SAN FRANCISCO DIVISION**<br><br>**CONSENT MOTION** |
| SANFORD BUCKLES, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>FACEBOOK, INC.<br><br>        Defendant. | CASE NO. 4:18-CV-02189-KAW<br>**OAKLAND DIVISION** |
| LUCY GERENA, on behalf of herself and all others similarly situated,<br><br>        Plaintiff<br><br>        v.<br><br>FACEBOOK, INC.<br><br>        Defendant | CASE NO. 3:18-CV-02201-MEJ<br>**SAN FRANCISCO DIVISION**<br><br>**CONSENT MOTION** |

|   |   |
|---|---|
| PATRICIA KING, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC. and CAMBRIDGE ANALYTICA LLC<br><br>    Defendants. | CASE NO. 3:18-CV-02276-EDL<br>**SAN FRANCISCO DIVISION**<br><br>**CONSENT MOTION** |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S MOT. TO STAY – CASE NO. 4:18-CV-02093-KAW

# NOTICE OF MOTION

TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on May 31, 2018 at 1:30 p.m. in the United States District Court, Northern District of California, 1301 Clay Street, Oakland, California before the Honorable Kandis A. Westmore, Defendant Facebook, Inc. will and hereby does move the Court for an order staying all proceedings in the above-captioned actions until a decision from the Judicial Panel on Multidistrict Litigation on the Motion to Consolidate and Transfer filed in MDL No. 2843—without prejudice to Plaintiffs' ability to seek interim relief from the Court if necessary, and without prejudice to Facebook or any other defendant opposing such relief—at which point the parties can meet and confer regarding deadlines to respond to plaintiffs' complaints.  Plaintiffs *Beiner*, *Gennock*, *Gerena*, *Haslinger*, *Iron Wing*, *Johnson*, *King*, *Kooser*, *O'Kelly*, and *Rubin* consent to a stay.  Only the *Buckles* plaintiff opposes a stay.  Plaintiffs in the other cases either did not respond to Facebook's inquiry or have not provided a position.

This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the papers on file in this case; and oral argument that may be heard by the Court; and any other matters that the Court deems appropriate.

Dated: April 18, 2018   Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By: /s/ *Joshua S. Lipshutz*

## I. INTRODUCTION

These cases are among twenty-two closely related cases recently filed against Facebook, Inc. and Cambridge Analytica in district courts across the country following press reports that Cambridge Analytica misused Facebook user data. All of these cases raise similar claims based on similar legal and factual issues. The plaintiffs in several of the cases have requested that the Judicial Panel on Multidistrict Litigation transfer and consolidate the cases before a single district court, and Facebook has filed a response expressing agreement that transfer and consolidation are appropriate. The Panel has scheduled a hearing on May 31, 2018, and is likely to decide the motion to transfer shortly thereafter. Facebook respectfully requests that these cases be stayed temporarily until the Panel renders its decision on the pending motion, at which point the parties can meet and confer regarding deadlines to respond to plaintiffs' complaints. **Plaintiffs in most of these actions consent to a stay** (*Beiner*, *Gennock*, *Gerena*, *Haslinger, Iron Wing*, *Johnson*, *King*, *Kooser*, *O'Kelly*, and *Rubin*), provided it is entered without prejudice to their ability to seek interim relief before the Court if necessary, and without prejudice to Facebook or any other defendant opposing such relief.

*First*, a stay would promote judicial economy. These cases are likely to be consolidated with cases from other districts as part of an MDL proceeding, and staying these actions pending a ruling by the Panel "will further the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Poff v. McKesson Corp.*, 2013 WL 3949207, at *2 (N.D. Cal. July 30, 2013).

*Second*, the brief stay Facebook seeks will cause no prejudice to any plaintiff, as these cases are still in their early stages, discovery has not commenced, and plaintiffs in many of the cases have consented to such relief. Indeed, all parties may ultimately benefit from avoiding the needless duplication of effort that would occur if briefing and case management in this Court are rendered moot by MDL consolidation. *See Ernyes-Kofler v. Sanofi S.A.*, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) (a stay "might help Plaintiffs avoid unnecessary effort and expense").

*Third*, a brief stay would avoid the risk of inconsistent rulings and prejudice to Facebook that would result if it is forced to litigate nearly identical cases in multiple districts simultaneously but in an uncoordinated fashion. *A.D. v. Pfizer, Inc.*, 2013 WL 3889159, at *2 (N.D. Cal. July 26, 2013).

For these reasons, a stay of these cases pending the Panel's decision would best serve the interests of the Court and the parties in conserving judicial resources, avoiding duplicative litigation, and avoiding inconsistent rulings—the very interests the MDL procedure was designed to promote.

## II.     BACKGROUND

In the wake of recent press reports describing Cambridge Analytica's misuse of Facebook user data,[1] a series of actions were filed in courts around the country against Facebook and Cambridge Analytica (among others). All of the actions arise from the same alleged facts: that a third-party app developer named Aleksandr Kogan, beginning in 2013, used an app he created to obtain information about Facebook users by paying them to take a personality test; that Kogan collected information about those individuals and their Facebook "friends" and then shared that information, through his company Global Science Research ("GSR"), with Cambridge Analytica, contrary to Facebook's terms and policies; that Kogan, GSR, Cambridge Analytica, and others each certified that they had deleted this data as demanded by Facebook; and that Cambridge Analytica nevertheless apparently used the data to target advertisements in connection with the 2016 U.S. Presidential election.

The actions filed in connection with these events fall into three broad categories: (1) three shareholder class actions brought under the federal securities laws;[2] (2) five shareholder derivative class actions;[3] and (3) twenty-two actions, including the actions subject to this motion, alleging harm

---

[1] M. Rosenberg, N. Confessore & C. Cadwalladr, *How Trump "Consultants" Exploited the Facebook Data of Millions*, N.Y. Times (Mar. 17, 2018), https://www.nytimes.com/2018/03/17/us/politics/cambridge-analytica-trump-campaign.html; C. Cadwalladr & E. Graham-Harrison, *Revealed: 50 Million Facebook Profiles Harvested for Cambridge Analytica in Major Data Breach*, The Guardian (Mar. 17, 2018), https://www.theguardian.com/news/2018/mar/17/cambridge-analytica-facebook-influence-us-election.

[2] *Yuan v. Facebook, Inc.*, No. 5:18-CV-01725 (N.D. Cal.) (filed Mar. 20, 2018) (Davila, J.); *Ernestine v. Facebook, Inc.*, No. 3:18-CV-01868 (N.D. Cal.) (filed Mar. 27, 2018) (Alsup, J.); *Casey v. Facebook, Inc.*, No. 5:18-CV-01780 (N.D. Cal.) (dismissed on April 13, 2018).

[3] *Hallisey v. Zuckerberg*, 3:18-CV-10792 (N.D. Cal.) (filed Mar. 22, 2018) (Gilliam, J.); *Martin v. Zuckerberg*, No. 4:18-CV-01834 (N.D. Cal.) (filed Mar. 23, 2018) (Alsup, J.); *Ocegueda v. Zuckerberg*, No. 4:18-CV-01893 (N.D. Cal.) (filed Mar. 27, 2018) (Chhabria, J.); *Karon v. Facebook, Inc.*, No. 5:18-CV-01929 (filed Mar. 29, 2018) (N.D. Cal.) (Davila, J.); *Stricklin Trust v. Zuckerberg*, 3:18-CV-2011 (filed Apr. 2, 2018) (Corley, Mag.).

to Facebook users due to the alleged misuse of their data. This last group of cases are currently pending in eight different districts: the Northern District of California (fourteen cases);[4] the Northern District of Illinois (two cases);[5] the Central District of Illinois (one case);[6] the Central District of California (one case);[7] the Southern District of Texas (one case);[8] the District of Delaware (one case);[9] the Northern District of Alabama (one case);[10] and the District of New Jersey (one case).[11]

It is this last set of cases—alleging harm to Facebook users—that are the subject of the pending MDL motion. These cases substantially overlap in many ways. Each alleges that Facebook users were harmed when Cambridge Analytica allegedly obtained and used their data. Nineteen of the complaints assert that this data allegedly was obtained via Kogan's app, "thisisyourdigitallife." Sixteen of the actions name both Facebook and Cambridge Analytica as defendants, and six—*Lodowski*, *Malskoff*, *Rubin*, *Kooser*, *O'Hara*, and *Redmond*—also name either Kogan or GSR.[12]

---

[4] *Price v. Facebook, Inc.*, No. 3:18-CV-01732 (N.D. Cal.) (filed Mar. 20, 2018) (Chhabria, J.); *Rubin v. Facebook, Inc.*, No. 3:18-CV-01852 (N.D. Cal.) (filed Mar. 26, 2018) (Chhabria, J.); *Gennock v. Facebook, Inc.*, No. 3:18-CV-01891 (N.D. Cal.) (filed Mar. 27, 2018) (Chhabria, J.); *O'Kelly v. Facebook, Inc.*, No. 3:18-CV-01915 (N.D. Cal.) (filed Mar. 28, 2018) (Chhabria, J.); *Beiner v. Facebook, Inc.*, No. 3:18-CV-1953 (N.D. Cal.) (filed Mar. 29, 2018) (Chhabria, J.); *Haslinger v. Facebook, Inc.*, No. 3:18-CV-01984 (N.D. Cal.) (filed Mar. 30, 2018) (Chhabria, J.); *Kooser v. Facebook, Inc.*, No. 4:18-CV-02009 (N.D. Cal.) (filed Apr. 2, 2018) (Gonzalez Rogers, J.); *Picha v. Facebook, Inc.*, No. 3:18-CV-02090 (N.D. Cal.) (filed Apr. 5, 2018) (Kim, Mag.); *Labajo v. Facebook, Inc.*, No. 4:18-CV-02093 (N.D. Cal.) (filed Apr. 5, 2018) (Westmore, Mag.); *Iron Wing v. Facebook, Inc.*, No. 3:18-CV-02122 (N.D. Cal.) (filed Apr. 6, 2018) (Spero, Mag.); *Johnson v. Facebook, Inc.*, No. 3:18-CV-02127 (N.D. Cal.) (filed Apr. 9, 2018) (Illston, J.); *Gerena v. Facebook, Inc.*, No. 4:18-CV-02201 (N.D. Cal.) (filed Apr. 12, 2018); *Buckles v. Facebook, Inc.*, No. 3:18-CV-02189 (filed Apr. 12, 2018); *King v. Facebook, Inc.*, No. 3:18-CV-02276 (N.D. Cal.) (filed Apr. 16, 2018).

[5] *People of the State of Illinois v. Facebook, Inc.*, No. 1:18-CV-02667 (N.D. Ill.) (filed Mar. 23, 2018) (Dow, J.) (upon removal from the Circuit Court, Cook County, Case No. 2018-CH-03686); *Comforte v. Cambridge Analytica*, No. 1:18-CV-02120 (N.D. Ill.) (filed Mar. 22, 2018) (Bucklo, J.)

[6] *Barton v. Facebook, Inc.*, No. 2:18-CV-2105 (C. D. Ill.) (filed Apr. 12, 2018) (Long, Mag.).

[7] *O'Hara v. Facebook, Inc.*, No. 8:18-CV-00571 (C.D. Cal.) (filed Apr. 4, 2018) (Guilford, J.).

[8] *Lodowski v. Facebook, Inc.*, No. 4:18-CV-00907 (S.D. Tex.) (filed Mar. 23, 2018) (Ellison, J.).

[9] *Redmond v. Facebook, Inc.*, No. 1:18-CV-00531 (D. Del.) (filed Apr. 10, 2018) (Thynge, Mag.).

[10] *Williams v. Facebook, Inc.*, No. 2:18-CV-00535 (N.D. Ala.) (filed Apr. 4, 2018) (Proctor, J.).

[11] *Malskoff v. Facebook, Inc.*, No. 2:18-CV-04451 (D.N.J.) (filed Mar. 27, 2018) (Salas, J.).

[12] The *Rubin*, *Kooser*, and *Redmond* complaints also name Cambridge Analytica's parent entity, SCL Group, and the *Comforte* complaint names Mark Zuckerberg, Facebook's CEO. The *Lodowski* and *Malskoff* complaints name Robert Mercer, a hedge fund manager who reportedly owned Cambridge Analytica. The *O'Hara* complaint also names Stephen Bannon.

There also is substantial overlap among the legal theories and causes of action asserted in the various complaints.  For example, sixteen actions—*Lodowski*, *Malskoff*, *O'Kelly*, *Price*, *Rubin*, *Beiner*, *Haslinger*, *Kooser*, *O'Hara*, *Williams*, *Labajo*, *Picha*, *Johnson*, *Gerena*, *Cook County*, and *King*—allege violations of state consumer protection laws.[13]  All allege state common-law torts and/or related privacy-law claims.[14]  Sixteen—*Buckles*, *Comforte*, *Gennock*, *Gerena*, *Lodowski*, *Malskoff*, *Beiner*, *Haslinger*, *Iron Wing*, *King*, *Kooser*, *O'Hara*, *Redmond*, *Williams*, *Labajo*, and *Picha*—allege federal causes of action under the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*, the Wiretap Act, 18 U.S.C. §2510, *et seq.*, or the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  All center around the same theories of wrongdoing:  that Cambridge Analytica and other actors wrongfully exploited Facebook's platform to obtain data that they used for unauthorized purposes, that Facebook should have done more to prevent these wrongs, and that Facebook users were harmed as a result.  The nearly identical factual allegations in these complaints all appear to be copied from the same two news reports—articles in *The New York Times* and *The Guardian* published on March 17, 2018.

Finally, all of these actions are in their nascent stages.  They were filed in rapid succession over the last few weeks; many of the complaints have not yet been served; few papers beyond the complaints have been filed; and the courts have expended few if any resources.

On March 30, 2018, the plaintiffs in *Beiner* moved to establish an MDL in the Northern District of California for all of the cases alleging harm to Facebook users arising out of alleged misuse of their data.  MDL No. 2843, Dkt. 1.  That same day, the *Lodowski* plaintiffs cross-moved to establish an MDL over the same actions in the Southern District of Texas, MDL No. 2843, Dkts. 5, 16, and the *Rubin* plaintiffs filed a response supporting the *Beiner* plaintiffs' request for an MDL in the Northern

---

[13] Cal. Bus. & Prof. Code § 17200 (*Lodowski*, *Malskoff*, *O'Kelly*, *Price*, *Rubin*, *Beiner*, *Haslinger*, *O'Hara*, *Labajo*, *Picha*, *Johnson*, *King*, *Gerena*); Illinois Consumer Fraud & Deceptive Practices Act, 815 ILCS 505 (*Cook County*, *Comforte*); N.J. Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 (*Malskoff*); Ala. Deceptive Trade Practices Act, Ala. Code § 8-19-1 (*Williams*).

[14] Negligence (*Comforte*, *Lodowski*, *Malskoff*, *O'Kelly*, *Price*, *Rubin*, *Haslinger*, *Kooser*, *O'Hara*, *Williams*, *Labajo*, *Picha*, *Iron Wing*, *Gerena*, and *King*); invasion of privacy, under several theories (*Comforte*, *Gennock*, *O'Kelly*, *Rubin*, *Beiner*, *Haslinger*, *Kooser*, *O'Hara*, *Picha*, *Iron Wing*, *Gerena*, and *King*); conversion (*Beiner*, *Kooser*, *O'Hara*, *Williams*, *Picha*, and *King*); civil conspiracy (*Beiner*, *Kooser*, and *Williams*); fraudulent misrepresentation (*O'Kelly*, *Kooser*, and *Redmond*), and misappropriation of valuable property without compensation (*Labajo*).

District of California, MDL No. 2843, Dkt. 7.  On April 6, 2018, Facebook also filed a response in support of the *Beiner* plaintiffs' motion, MDL No. 2843, Dkt. 19.  As set forth in its Response filed with the Panel, Facebook believes that an MDL will be the most efficient and sensible way to handle pretrial proceedings in these actions.  Given the many benefits of consolidation, Facebook expects that the Panel will grant the motion, consolidate all of these cases, and assign them to one judicial district for pretrial proceedings.  Facebook has since filed a Notice of Related Actions to include the recently filed consumer actions in the MDL that involve similar facts and claims.  MDL No. 2843, Dkt. 13, 20, 25, 49.  The Panel has scheduled oral argument on the MDL Motion for May 31, 2018. MDL No. 50.[15]

In advance of filing this motion, counsel for Facebook reached out to counsel for the plaintiffs regarding their views on this motion.  Plaintiffs in most of the cases (*Beiner*, *Gennock*, *Gerena*, *Iron Wing*, *Johnson*, *King*, *Kooser*, *O'Kelly*, and *Rubin*) consent to a stay, without prejudice to plaintiffs' ability to seek interim relief from the Court, and without prejudice to Facebook or any other defendant opposing such relief.  Plaintiffs in the other cases either did not respond to Facebook's inquiry or have not provided a position.  Only the *Buckles* plaintiff opposes a stay.

### III.   ARGUMENT

Federal courts possess the inherent power to stay proceedings before them.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Id*.  This Court, and others across the country, routinely exercise this power to stay cases pending decisions by the Panel on motions to consolidate and transfer.[16]  "[D]istrict courts will often exercise their discretionary power to stay the proceedings before them … pending a decision by the panel regarding the transfer of a case, especially when such a

---

[15] *Price*, *Rubin*, *O'Kelly*, *Beiner*, and *Gennock* were included in the original MDL motion.  The remaining actions were not among the original cases listed in the MDL motion and thus are not listed on the Panel's May 31 hearing notice.  But MDL procedures provide that if an MDL is established, any follow-on cases (such as these cases) will be conditionally transferred, with a final decision on inclusion in the MDL to be resolved shortly thereafter.  Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Rule 7.1(b).

[16] *See, e.g.*, *Couture v. Hoffman-La Roche, Inc.*, 2012 WL 3042994, at *1 (N.D. Cal. July 25, 2012); *Good*, 5 F. Supp. 2d at 809; *Freitas v. McKesson Corp.*, 2012 WL 161211 (N.D. Cal. Jan. 10,

stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute." 15 Charles A. Wright, et al., FED. PRACT, & PROC. § 3866.1 (3d Ed.).

Where a motion for transfer has been filed with the Panel, courts consider the following factors to determine whether a stay is appropriate: (1) "the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated"; (2) "potential prejudice to the non-moving party"; and (3) "hardship and inequity to the moving party if the action is not stayed." *Rivers*, 980 F. Supp. at 1360; *see also Couture*, 2012 WL 3042994, at *2 (enumerating the same test). All of these factors support a stay of the proceedings before this Court until after the pending MDL Motion is resolved.

### A. A Stay Would Preserve Judicial Resources and Promote Judicial Efficiency

A stay of these proceedings is appropriate because it would promote the "compelling public interest" in judicial economy. *Paul*, 2009 WL 2244766, at *1; *see also Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 992 (C.D. Ill. 2011) (staying proceedings pending motion to transfer to MDL based solely on "considerations of judicial economy"). This Court, and the other federal courts in which parallel actions are pending, should not be forced to expend resources on discovery management, analysis of briefing on similar issues, or evaluating the common issues of law and fact in these cases until after the Panel rules. *Rivers*, 980 F. Supp. at 1360-61 (granting request for stay pending JPML ruling and holding that a "great deal of this Court's time and energy" would be saved by a stay, avoiding needless expenditure of this Court's "energies familiarizing itself with the intricacies

---

2012); *McCrerey v. Merck & Co.*, 2005 WL 6124182 (S.D. Cal. Mar. 3, 2005); *Paul v. Aviva Life & Annuity Co.*, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009); *Kavalir v. Medtronic*, 2007 WL 1225358, at *4 (N.D. Ill. Apr. 19, 2007); *Bd. of Trustees of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002); *Tench v. Jackson Nat. Life Ins. Co.*, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) ("[S]tays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources."); *Smith v. Merck & Co.*, 2006 WL 3842190, at *1 (S.D. Ill. Dec. 29, 2006); *Walker v. Merck & Co.*, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005); *Smith v. Merck & Co.*, 2006 WL 3842190, at *1 (S.D. Ill. Dec. 29, 2006); *Walker v. Merck & Co.*, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005); *Packer v. Power Balance, LLC*, 2011 WL 1099001, at *1 (D.N.J. Mar. 22, 2011) ("Stays of a civil actions are common when the issue of transfer is before the JPML."); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (courts "frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case"); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[I]t is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the Panel because of the judicial resources that are conserved.").

of a case that [may] be heard by another judge" and replication of case management duties with the other courts); *Fuller*, 2009 WL 2390358, at *2 ("There is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the [JPML] is resolved, as transfer of this matter to another court would render redundant the efforts of this Court. . . . Duplication of case management tasks by multiple courts is not an economical use of judicial resources.").

Where, as here, cases pending before the Panel present similar facts and issues, courts are clear that this "weighs strongly in favor of staying the proceedings." *Jennings v. Fresenius USA Inc.*, 2013 WL 5487224, at *2 (N.D. Cal. Oct. 2, 2013); *see also Ernyes-Kofler v. Sanofi S.A.*, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) (noting that courts "frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case," and explaining that a stay pending resolution of a motion to transfer before the JPML would "conserve judicial resources," avoid "duplicative discovery and motion practice," and avoid "inconsistent rulings"); *Grove v. Organon USA, Inc.,* No. 13-2138-SC, 2013 WL 3286225, at *1 (N.D. Cal. June 27, 2013) (holding that "staying the case promote[d] judicial economy and uniform decision-making"); *Mandrigues v. World Sav.*, *Inc.*, No. 07-4497, 2008 WL 5221074, at *2 (N.D. Cal. Dec. 12, 2008) (Fogel, J.) (finding that judicial economy favored grant of a stay pending JPML ruling even though the court anticipated it would receive the coordinated actions).

Both consistency and judicial economy will be served by staying proceedings in these actions pending the Panel's decision on the MDL Motions.

### B.   A Brief Stay Would Not Prejudice Plaintiffs

The brief stay Facebook seeks will cause no prejudice to plaintiffs. Indeed, many of them have already consented, recognizing that a stay may, in fact, prove beneficial to *all* parties by avoiding needless expense and duplication of effort.

The proposed stay is likely to be brief. The MDL motion will be heard at the Panel's next session on May 31, 2018, and the Panel will likely render a decision on the motion shortly thereafter. Given the anticipated duration of the stay, any potential prejudice to plaintiffs would be "minor." *Paul*, 2009 WL 2244766, at *1; *see also Nekritz v. Canary Cap. Partners, LLC*, 2004 WL 1462035, at *4 (D.N.J. Jan. 12, 2004) ("[A]ny prejudice to the plaintiff from a relatively brief delay in pursuing

his claims will be minimal."); *Good*, 5 F. Supp. 2d at 809 (finding that stay of case pending Panel's transfer decision would not prejudice the plaintiff where the stay "would likely be brief").

Furthermore, these cases are still at a very early stage and discovery has not yet begun, which further diminishes the potential for prejudice to plaintiffs. *See Fuller*, 2009 WL 2390358, at *1 (observing "no meaningful prejudice … to plaintiff" where the case was in "very early procedural stages" and the Panel was "expected to hear [the] matter within a few months").

Indeed, centralization may *prevent* the prejudice to the parties that would occur if these cases were litigated in a piecemeal fashion, which would create an acute risk of inconsistent rulings. At the very least, a stay would prevent the burden and expense of unnecessarily briefing a potential motion to dismiss that may later become redundant upon transfer and consolidation. *See Ernyes-Kofler v. Sanofi S.A.*, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) (noting that a stay "might help plaintiffs avoid unnecessary effort and expense").

### C. Facebook Will Face Duplicative Litigation and the Risk of Inconsistent Rulings Absent a Stay

The prejudice to Facebook will be substantial if this case is not stayed. "[A]llowing pretrial proceedings to continue poses a significant risk of duplicative motions" and would "result in needless expense and inequity to [Defendants]." *Azar v. Merck & Co.*, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006). The Panel will hear oral argument on the MDL Motion on May 31—*after* Defendants' responses to plaintiffs' complaints are due in many cases. As a result, absent a stay, Facebook would be required to duplicate efforts by responding to the complaints in these cases, only to have that response mooted by a consolidated amended complaint that would likely be filed once the Panel centralizes the cases. Such duplicative motion practice would impose substantial burdens on Facebook, in addition to wasting any efforts this Court will have to expend to address the resulting motion practice. *See Falk v. Gen. Motors Corp.*, 2007 WL 3101649, at *3 (N.D. Cal. Oct. 22, 2007) ("Costs and financial burden on a party having to defend itself in multiple fora is a factor that favors the entry of a stay pending a decision by a JPML."); *Weaver v. Pfizer, Inc.*, 2014 WL 2002212, at *4 (E.D. Cal. May 15, 2014) (acknowledging burden defendant faces if forced to "defend itself in multiple

fora," then "relitigate any decisions … if the case is transferred to the MDL court"); *see also Worldcom*, 244 F. Supp. 2d at 905 ("litigat[ing] essentially the same claims in courts all over the country" is prejudicial).

Moreover, if Facebook were forced to respond to the complaints pending in the various districts before the Panel makes a decision, it would risk inconsistent rulings on case-dispositive motions. *A.D. v. Pfizer, Inc.*, 2013 WL 3889159, at *2 (N.D. Cal. July 26, 2013) (failure to stay poses "the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed"); *see also Bd. of Trustees of Teachers' Ret. Sys.*, 244 F. Supp. at 905 (granting stay pending Panel decision and noting "genuine" risk of inconsistent rulings "given the difficulty of the jurisdictional issues presented" in remand motion).

Under these circumstances, the "potential prejudice to [p]laintiffs that could result from a stay [is] minimal," whereas defendants face "the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case [is] not stayed." *A.D.*, 2013 WL 3889159, at *2; *see also AbbVie*, 2014 WL 7205586, at *3 (expressing concern for "the potential prejudice to [Defendants] if [they are] required to re-argue the same issues before various courts is greater than the potential prejudice plaintiffs may face as a result of a slight delay because of the issuance of a stay").

## IV.   CONCLUSION

For the foregoing reasons, Facebook respectfully requests that this Court stay all further proceedings in these cases until a decision from the Panel on the Motion to Consolidate and Transfer filed in MDL No. 2843—without prejudice to plaintiffs' ability to seek interim relief from the Court if necessary, and without prejudice to Facebook or any other defendant opposing such relief—at which point the parties can meet and confer regarding deadlines to respond to plaintiffs' complaints.

| | | |
|---|---|---|
| 1 | DATE: April 18, 2018 | Respectfully submitted, |
| 2 | | **GIBSON, DUNN & CRUTCHER, LLP** |
| 3 | | By:  /s/  *Joshua S. Lipshutz* |

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Orin Snyder (*pro hac vice pending*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

Gibson, Dunn & Crutcher LLP

10
FACEBOOK, INC.'S MOT. TO STAY – CASE NO. 4:18-CV-02093-KAW